Good morning, Your Honors. May it please the Court, my name is Janie Kochov. I am a third-year law student at Chapman University School of Law, appearing under the supervision of Professors Arthur Siabi, Davis, and Penful as part of the Ninth Circuit Appellate Litigation Clinic. Now, are you counsel or are you amicus? Amicus. Pro bono appointed amicus counsel for the petitioner. Who is counsel for your client, or for the client? May it please the Court, good morning, Your Honors. My name is Robert Burke, B-E-R-K-E. I'm retained counsel for the Delgados. I have spoken with amicus counsel, reviewed both briefs. The briefs are very thorough in my humble opinion, and I've discussed with amicus counsel that I would be willing to yield any time the Court would otherwise give me to the amicus counsel to provide the argument. I will be on hand here should the Court have any questions directly to me. Thank you very, very much, Mr. Burke. We really appreciate that. And I will ask the Deputy Clerk to note your appearance here today on behalf of your counsel, and we'll hear now from the amicus. Thank you kindly. Thank you, Your Honors. And may I reserve two minutes of my time for a question? Certainly. Thank you. Your Honors, this Court should reverse for all of the reasons as set forth in our opening and reply briefs. Today, I will specifically address two of those reasons. First, the IJ and the BIA erred in imposing upon the Petitioner the higher legal standard reserved for visa petition cases and evaluating Petitioner's claim for cancellation of removal. And second, the IJ and the BIA erred in determining that the Petitioner did not have a qualifying relative and her lawful ---- Doesn't the law say that you have to be immediately eligible for adjustment at the time that you file the petition for relief? That's correct, Your Honor. The Petitioner was actually applying for cancellation of removal, not adjustment of status. Right. I understand that. But the statutory requirement is the same, that the relief has to be or the eligibility has to be immediate, correct? That's correct. And help me on that issue because I think that is the dispositive issue in this case. The Petitioner was actually eligible for cancellation of removal. She did, in fact, she was married to a lawful permanent resident spouse. And she did satisfy all the requirements as, you know, under the standard cancellation of removal and both the battered spouse claim for cancellation of removal. I thought that the immigration judge questioned the validity of the marriage. That's correct, Your Honor. And there was a fear that both Petitioner and her husband had not obtained a divorce decree and hadn't met their burden of proof to show that they were immediately eligible. That's correct. And our position is that requiring Petitioner to demonstrate the legal termination of both her prior marriage and her spouse's prior marriage constituted a legal error as that is not required in cancellation of removal cases. That is a visa petition standard. But she still has, I mean, the burden is still on the Petitioner to show entitlement to relief, right? That's correct. So I'm having a hard time following your argument that it means that somehow the burden has been elevated. It's always her burden. That's correct. Her burden under the standard cancellation of removal claim is a preponderance of the evidence. However, in visa petition cases, that standard is by clear and convincing evidence. Well, the question that we ask, though, is whether or not substantial evidence supports the immigration judge's ruling that she failed to meet her burden of proof. Isn't that the standard of review that we apply? Our position is that the standard of review would be de novo since the I.J. committed a legal error. However, the Petitioner did satisfy that higher standard as well. What case do you have that supports the notion that our review is de novo? Your Honor, there are no cases specifically addressing this issue where an I.J. applied visa petition standards in a cancellation of removal proceeding. However, where there is a legal error, this Court must apply a de novo review. I do not have a case on hand. I can provide that on rebuttal. I guess the problem I'm having with your argument is that you're shifting the focus of the immigration judge's assessment of the strength of the evidence before him in ruling on whether the Petitioner has met the burden of establishing entitlement to the relief requested. And I don't understand why that shouldn't be reviewed under the substantial evidence standard. Your Honor, even if this Court was to review under the substantial evidence standard, Petitioner did satisfy that standard. She did demonstrate that she was eligible for relief. She met the requirements as set forth in matter of Brantigan. But isn't she relying on the presumption under California law that the marriage must have been valid because she went through the civil marriage ceremony? She did rely in part on the California presumption. And what authority do you have that that presumption is binding on a Federal immigration judge for a patient proceeding? Your Honor, the U.S. Supreme Court has ruled in Lugren v. Lugren that the validity of marriage is governed by the law of the jurisdiction where the wedding was celebrated. And in that case, the U.S. Supreme Court applied Florida law to determine the validity of Florida marriage. So this Court is bound by California law. But maybe this gets into the distinction between procedural and substantive rules. And a rule of presumption is a procedural rule, is it not? That's not a substantive rule of law. Well, the California presumption is actually also a substantive rule of law, as stated in California Evidence Code Section 605. And various California Supreme Court cases have recognized that it is a rule of substantive law. California cases? Yes, California Supreme Court cases. All right. So then the question, and this is a wonderful Federal jurisdiction question, you know, does a California court's characterization of its rule as substantive bind a Federal court in determining whether or not it's substantive or procedural? That's a good question, Your Honor, but we do believe so. Have you taken the course in Federal jurisdiction? No, I have not. All right, take it. I will. It's a good course. Thank you. So even though, even if this Court was to determine that the I.J.'s application of the higher visa petition standard was proper, she did meet that burden. She provided her California license and certificate of marriage, which is available on AR 275. She also did, in fact, demonstrate that her prior marriage was terminated and that her spouse's prior marriage was terminated as well. She did provide her Mexican divorce decree and a certified translation of that document. What do we do with the evidence that was before the immigration judge suggesting that the documents were fraudulent? Your Honor, it's our position that those reports do not rebut Petitioner's showing of eligibility. Those reports stated on their face that their findings were inconclusive. In fact, the DOJ report indicated that the validity of the document could not be definitively refuted. The Library of Congress report also indicated that the Library of Congress was not qualified nor authorized to rule on the authenticity of such documents. And so neither report rebutted Petitioner's demonstration of eligibility, and the IJ's reliance on those reports constituted error. As this case has held, as this court, excuse me, has held in Zahidi v. INS, the immigration judge should have made specific findings in regards to those documents and the circumstances surrounding those documents, and should have ruled that those reports were unhelpful expert evidence. I don't understand how you can take that position in the face of the Department of Justice forensic document examiner's report at ER 239, where it says although Exhibit 1 could not be definitively refuted, there is a very strong probability that the document is not what it purports to be. Your Honor, that same report also recommended to the government to have the divorce decree subjected to further review and actually take that document to the INS office in Mexico. In order to conclusively resolve that question, but under a substantial evidence standard, why isn't that sufficient to support the immigration judge's refusal to afford weight to the proffered Mexican documents? Your Honor, because neither report, excuse me, because a California law creates this very substantial standard on challengers of the validity of the marriage and requires that such challengers make plain that the marriage is, in fact, void, it is our position that those reports do not make plain that petitioner's divorce decree was fraudulent. Well, now we're back to my substantive procedural problem. I mean, this is evidence in the record before the federal fact finder that is offered to support the petitioner's claim that the marriage was legitimate. And the immigration judge obviously credited the reports, which suggest that the documents are not what they purport to be. Why isn't that enough under substantial evidence to support the immigration judge's ruling? Your Honor, because both of their findings were inconclusive and they did not conclusively establish that the reports were, in fact, fraudulent. They were, the report states that the document could not be definitively refuted. And petitioner was never even required to provide her divorce decree in the first place under the, especially under her battered spouse claim for cancellation of remittal. I guess I could understand the argument if we were looking at this in review of a criminal conviction. It certainly wouldn't meet proof beyond a reasonable doubt. Right. But the question is substantial evidence. And that is a lower burden than proof beyond a reasonable doubt. And that goes back to our argument that under California law, that burden is actually much higher. And since the U.S. Supreme Court has determined that the law of the place of celebration must be applied, California law must be applied in this case. Thank you, counsel. Our questions have taken you over time. Your time has expired. Thank you. We'll hear from the government. Good morning again, Your Honors. Jem Sponzo on behalf of the Respondent. I would note again that Petitioner's arguments regarding the fact that she met her burden of proof simply by presenting the California marriage license are unexhausted. To the extent that these issues were raised to the Board, they were not presented thereto in their current posture of being sufficient on its own to meet her burden. In applications for cancellation of removal, the burden rests squarely on the alien to demonstrate first and foremost the qualifying relationship. And that is precisely what Petitioner failed to do in this case. As Your Honors correctly noted, the forensic evaluations that we do have in the record, along with Petitioner's testimony before the immigration judge regarding her prior marriage, as well as her LPR California husband's prior marriage, eliminated the immigration judge's capacity to find the qualifying relationship. In her failure to meet her burden, that's the issue that we have in this case. So am I correct from my question of opposing counsel that the immigration judge is essentially weighing the presumption of validity under California law against the other evidence that was presented at the immigration proceeding and determining on the basis of all of that evidence that she just didn't meet her burden of proof? Correct, Your Honor. And I would note as well that to the extent that the Board cites Ingray-Brantigan, which is a visa case, they did so for the very unremarkable proposition that it remains Petitioner's burden to prove the validity of her marriage, to prove that qualifying relationship. But this is a pre-Real ID Act case, is it not? It is. And so the rules change with the Real ID Act. But before that, isn't our jurisprudence that one has to credit the testimony of the Petitioner unless there is affirmatively an adverse credibility determination made, which did not occur in this case? Correct, Your Honor. All testimony was credited. All documents were admitted into the record without objection, meaning specifically those forensic reports. They were admitted into the record without objection by Petitioner during her proceedings before the agency. So the issue in this case is precisely that balancing of the information that we do have. Well, wait a minute. I thought it's not a balance, but it's a presumption of credibility. Correct. That's not a balancing. That's a given. My apologies. I did not answer your question precisely. Yes. Everything is credited. That we have and that we accept. What we have in our report ---- Therefore, the 1982 marriage was valid. In Cali ---- my apologies. Do you mean the California marriage? The ---- the ---- the ----- marriage or the California marriage? Regardless. Well, she was married in Mexico in 1982. Yes. All right. The divorce occurred either in 1987 or 97. Or 97, correct. All right. But she changed her testimony, did she not? Yes, she did. From 97 back to 87, right? Correct. Which meant that her California marriage, which was post-87, was valid. Correct. That ---- but that is not dispositive of the inquiry into whether she met her burden before the agency to prove a qualifying relative for the purpose of her application for cancellation of removal. The immigration judge in this case ---- But all she has to do is to prove a valid marriage. Isn't that right? Or to show a valid marriage? Unless the record is rife with evidence that would undermine that marriage itself. In this case, we, in fact, have the denial of the Form I-130 submitted on Petitioner's behalf precisely for these reasons. Failure on the part of both parties to prove their capacity to marry. We ---- it's ---- it's instructive, as Your Honors discussed during Petitioner's opening, to separate the nature of these proceedings before the agency from what kind of, you know, arguments and considerations we might have. Were we in State court? Or were someone genuinely a challenger to the validity of that marriage? The Board here is not a challenger, as they might be in California State court or in another State court. Rather, they properly reviewed whether Petitioner met her burden in demonstrating her eligibility for cancellation of removal. The first step is to show a qualifying relationship. But doesn't the 1982 marriage, which terminated in the 87 divorce, establish that she was free to marry? And the IJ, as I understand this record, never made a finding that the divorce was fraudulent. Is that correct? Correct. No such finding would have been required in this type of case, just as an explicit adverse credibility finding would not have been required in order to get the results reached by the agency. Instead, the forensic evaluations that we do have, as well as Petitioner's contradictory testimony, when considered together, simply fail to establish that relationship. And Petitioner's burden to do so, to establish that relationship, is distinct from what how she might benefit from that California marriage license in a different context. Now, wasn't she confronted with this document at the hearing? Yes, she was. And so she didn't have any opportunity to challenge it, really? Well, first, as I stated, these documents, the forensic evaluations were admitted into the record without objection, which is an opportunity she would have had. Certainly. It wasn't a question of admissibility, but her opportunity to confront this evidence was dropped on her right there at the hearing, I gather. There were many continuances in this case in which Petitioner might have had an opportunity to further support her claims. And my recollection of the record is that Petitioner did have such an opportunity through counsel to make whatever representations she could to contest the results of those reports. If there are no further questions. I'm not sure that I have to follow up on Judge Lefkoe's questions. I thought that the first time she saw the two reports were the day of the merits hearing, when the government introduced them. I believe so. If I recall correctly, I think the immigration judge did request these reports at a prior hearing? Yes, he did several months earlier, but nobody saw them, or at least the Petitioner and her lawyer didn't see them until the date of the hearing. So how does that give her an opportunity to refute what the reports show if they're sprung on her on the day of the trial? Petitioner certainly could have requested an additional opportunity following that hearing. And additionally, the reports accrued from documentation submitted by Petitioner. It was only after the submission of the alleged divorce decree that these forensic evaluations were ordered. That may be helpful. She didn't know they were. I mean, presumably she didn't know they were questionable documents. She got them from her husband. Correct. But I believe that was decided. She didn't know she had a burden to document that this was an authentic document, which seems to be what's being imposed on her here. She did have the opportunity to request an additional opportunity or a continuance in which to potentially refute the forensic reports, or simply at a minimum to contest their admission into evidence in immigration court, which was not done. But again, in an application for cancellation of removal, the burden is squarely on the alien to demonstrate eligibility for the relief sought. And that is that's clearly explained that it's done through testimony and documentation. And the first hurdle is that qualifying relationship. And the record simply does not compel reversal of the agency's determination that she failed to make that showing. Thank you, counsel. Thank you. The case just argued will be submitted for decision. But before going to the next case, I would like to the case is over. On behalf of the panel, I wanted to express our appreciation to Chapman University Law School, to Professor Afrasiabi, is that right? And to Mr. Gobin and to Ms. Kochow for very fine representation as amicus in these two cases. We appreciate your help very much. Thank you. The next case for argument is Guerra v. Felker.
judges: O'scannlain, Tallman, Lefkow